UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS DOS SANTOS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*,<br><br>Respondents. | No. 1:25-cv-02047-KES-CDB (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 3) |

Petitioner Marco Dos Santos ("Petitioner"), a federal detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). On December 29, 2025, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at Mesa Verde Detention Facility, located in Bakersfield, California, which is where he is currently incarcerated. *Id.* at 2.

Pending before the Court is Petitioner's motion seeking Court appointment of counsel. (Doc. 3). In support of his motion, Petitioner advances grounds that he has a strong chance of success on the merits as explained in his petition and that given his status as a detained immigrant and the complexity of the law on the issue of immigration detention, he would have great difficulty in presenting the case without the assistance of counsel. *Id.* at 2.

///

///

**Governing Legal Standard**

There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (prisoners not entitled to appointed counsel "unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition. *See* Habeas Rules 6(a) and 8(c).[1]

**Discussion**

The Court finds Petitioner has not demonstrated that appointment of counsel is necessary or warranted at this early stage of proceedings. Although Petitioner asserts that this case involves a complex legal issue, the Court notes that the immigration bond hearing and related issues implicated in this case are not unusual in habeas proceedings. Furthermore, Petitioner has not shown any exceptional circumstances that warrant the appointment of counsel at this stage. Petitioner's proffered difficulties in presenting this case without the assistance of counsel and arising from his status as a detained immigrant are shared with many other habeas petitioners. Petitioner was able to file his habeas petition without the aid of counsel. The Court will consider appointing counsel to represent Petitioner if the Court later finds good cause to permit discovery or if the Court decides that an evidentiary hearing is needed in this matter.

Therefore, at this stage, the circumstances of this case do not indicate that appointed counsel is necessary or that failure to appoint counsel necessarily would implicate due process concerns. By separate order this same date, the Court has directed Respondents to file a response to the

---

[1] The Rules governing 28 U.S.C. § 2254 cases in the United States Courts are appropriately applied to proceedings pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

petition and afforded Petitioner 30 days within which to file a traverse or reply. Petitioner may seek appropriate extensions of time if 30 days is not sufficient and also may renew his request for appointment of counsel.

### Conclusion and Order

Accordingly, it is HEREBY ORDERED that Petitioner's motion for appointment of counsel (Doc. 3) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **December 31, 2025**              _____
                                                                           UNITED STATES MAGISTRATE JUDGE

3